**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:14-CV-679-MOC-DCK**

| | |
|---|---|
| DEBORAH S. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CONSENT PROTECTIVE ORDER** |
| LOWE'S HOME IMPROVEMENT, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

This matter having come before the Court on the joint application of Plaintiff Deborah S. Cox (hereinafter "Plaintiff") and Lowe's Home Centers, LLC[1] (hereinafter "Defendant"), and the parties having agreed to the terms of this Consent Protective Order ("Protective Order"), and that this Protective Order is necessary to facilitate discovery in this matter, and, for good cause having been shown:

IT IS HEREBY ORDERED by the Court that the following terms and conditions shall apply in the above-captioned action (the "Action"):

1. <u>Scope of Order</u>. This Protective Order shall apply to all documents, information, deposition testimony, or any other materials produced, provided, or disclosed through formal discovery procedures or in response to a subpoena ("Litigation Material") by any party or non-party in this Action. The term party means any named Plaintiff or Defendant in this Action. This Protective Order shall govern all pretrial proceedings in this Action and shall remain in effect until

---

[1] Plaintiff named "Lowe's Home Improvement, LLC" in the Complaint. The correct legal name for this entity is Lowe's Home Centers, LLC.

modified, superseded, or rescinded by further Order of this Court. The parties shall meet and confer prior to the Pretrial Conference in this Action to discuss how confidentiality issues will be addressed at trial.

2. <u>Confidential Information</u>. For purposes of this Protective Order, "Confidential" information as used herein means any type or classification of information which is designated as Confidential in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and should be afforded the protections provided herein. For purposes of this Protective Order, Confidential information may include, but is not limited to, trade secrets; proprietary, confidential, or commercially sensitive business information; employment and personnel files and records; medical records and files; private, health, insurance, wage, financial, tax, account, or credit information; and/or other confidential information and records which are not generally known or accessible, or the disclosure of which is restricted or prohibited by statute, rule, regulation, statutory or common law privilege, contract or agreement, or Court Order. Confidential information shall be designated as such by stamping or labeling the relevant material with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," or by taking other reasonable steps to so designate the information or documents. Designation of Confidential information shall occur at or prior to the time of production of documents or provision of discovery responses. In the event any Litigation Material is produced that the producing party or non-party does not designate as Confidential, any other party or non-party with legitimate interests and an appropriate basis may designate such Litigation Material as Confidential within thirty (30) calendar days of receipt of the same. Portions of deposition transcripts shall be designated as Confidential within thirty (30) calendar days of receiving the transcripts. Deposition transcripts shall be treated as Confidential

until they are either designated as such or, if no such designation is made, until the expiration of the thirty (30) day period following receipt of the transcripts. A party may designate as Confidential any portion of depositions taken, or documents produced, before the entry of this Protective Order within thirty (30) days of entry by the Court.

3. <u>Use of Confidential Information</u>. Absent a Court Order or written consent from the designating party or non-party, information designated as Confidential shall be used solely for the purposes of this Action and in accordance with this Protective Order, and shall not be used, made available, or disclosed in any other litigation, judicial or administrative proceedings, or for any commercial, business, competitive, or other purposes. Information designated as Confidential shall only be made available to persons designated as Qualified Persons under this Protective Order.

4. <u>Qualified Persons</u>. The following individuals are "Qualified Persons" under this Protective Order:

    a. Any Court officer, mediator, or arbitrator handling any aspect of this Action, including their staff, as well as any court reporters and videographers who transcribe or record testimony at depositions or hearings in this Action;

    b. Any party and their counsel in this Action, including counsel's staff, support personnel, and outside vendors providing services related to discovery in this Action;

    c. Counsel for any insurance companies or other indemnitors from which a party claims coverage or that is providing coverage for the claims asserted in this Action;

    d. Outside consultants and experts (and their counsel) engaged by a party in this Action;

    e. Potential witnesses, witnesses noticed for deposition, and witnesses designated for trial, and their counsel, to the extent reasonably necessary in connection with, or to prepare for, their testimony;

    f. Any other person agreed to in writing by counsel for the party or non-party designating the materials as Confidential.

  5. <u>Agreement to Terms of Protective Order</u>.  By executing this Protective Order, the undersigned counsel for the parties bind themselves, their firms, co-counsel, clerical and support staff, and clients to the terms and restrictions set forth in this Protective Order.  Information designated as Confidential shall not be made available to any Qualified Person described in paragraph 4(d)-(f) unless that Qualified Person has reviewed and agreed to be bound by this Protective Order as evidenced by that person's execution of a Certification in the form attached hereto as Exhibit A.  Clerical or support staff need not sign the Certification provided that they understand the duties and restrictions set forth in this Protective Order.  Certifications executed in accordance with this paragraph shall remain confidential and need not be disclosed to the other side during this Action, except as provided in this paragraph.  Counsel expressly agree, and it is hereby ordered that, except in the event of an alleged violation of this Protective Order, they will not seek copies of the Certifications while this Action is pending.  If the Court finds that disclosure of a Certification is necessary to investigate a violation of this Protective Order, the disclosure will be limited to counsel only or as the Court directs.

  6. <u>Inadvertent Disclosure</u>.  If a party or non-party inadvertently discloses Litigation Material containing information that is Confidential without designating the Litigation Material as such, the failure to make the appropriate designation shall not be deemed a waiver of

confidentiality. The disclosing party or non-party may give notice of the inadvertent disclosure and designate the inadvertently produced Litigation Material as Confidential.

If Litigation Material designated as Confidential is inadvertently disclosed to an unauthorized person, the disclosing party shall use all reasonable efforts to (i) inform the unauthorized person of the duties and restrictions set forth in this Protective Order, and (ii) obtain from the unauthorized person a signed Certification in the form attached as Exhibit A. Any unauthorized person who does not agree to execute the Certification shall be promptly identified to the party or non-party who produced the Confidential information at issue.

7. <u>Request for Confidential Information</u>. If a party or non-party receives a request, subpoena, or other compulsory process seeking production of information designated as Confidential under this Protective Order, such party shall promptly notify the producing party. Nothing in this Protective Order shall relieve a party from the obligation of making a timely response to a properly served subpoena or request for information from a government entity. With respect to any other subpoena or request for information, the party who receives the subpoena or request shall not produce the Confidential information sought unless ordered to do so by a Court of competent jurisdiction. No party or non-party shall object to the producing party's limited appearance in any litigation or other proceeding for the purpose of seeking to prevent or restrict disclosure of the producing party's Confidential information.

8. <u>Modification of or Objection to Designation</u>. At any time after the designation of Litigation Material as Confidential, any party may object to the producing party's designation and request in writing that the designating party or non-party remove the applicable designation. The written request shall identify the Litigation Material as specifically as possible, without disclosing any Confidential information, and shall specify the reasons for the request. The designating party

or non-party shall respond to the request in writing within fourteen (14) calendar days of receipt of the request, unless otherwise agreed to by the parties or ordered by the Court. If the designating party or non-party refuses to remove the Confidential designation, its written response shall state the reasons for the refusal to withdraw the designation. Failure to provide a timely response to a request under this paragraph shall constitute refusal to remove the Confidential designation. If the designating party or non-party refuses to remove the Confidential designation, the objecting party may move the Court for an Order requiring that the designating party or non-party remove the applicable designation. In the event of such a motion, the Confidential material at issue may be submitted to the Court for *in camera* review. The proponent of retaining the applicable designation shall bear the burden of persuasion. Unless and until the designating party or non-party agrees to remove the designation or the Court orders that the designation be removed, all Litigation Material designated as Confidential shall continue to be treated as such.

9. Inadvertent Production of Privileged or Protected Litigation Material. In the event that a party or non-party inadvertently produces Litigation Material that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity, such production shall not constitute, and will not be deemed to constitute, a waiver of any privilege, protection, or immunity that applies to the inadvertently produced Litigation Material. The producing party may request the return of any inadvertently produced material under this paragraph. Upon such a request, the inadvertently produced material shall be returned within five (5) calendar days, and no copies or reproductions of such material shall be kept. Any receiving party intending to move the Court to compel production of the returned documents may make one copy of all such documents exclusively for submission *in camera* to the Court in connection with such motion; the receiving party may keep one copy after submitting the

documents *in camera* until the Court rules upon the Motion to Compel. Should the Motion be denied, the retained copy shall be returned to the producing party within five (5) calendar days of the entry of the Order denying the Motion.

10. <u>No Waiver</u>. Nothing in this Protective Order shall require the production or disclosure of any document and/or information. Nothing in this Protective Order shall prejudice or waive the right of any party or non-party to object to the production of any Litigation Material, or any portion thereof, on any appropriate ground. Nor shall anything in this Protective Order prejudice or waive the right of any party to object to the admissibility at trial of any Litigation Material, or any portion or derivative product thereof, on any appropriate ground. Nor shall anything in this Protective Order be deemed to waive any privilege, or prejudice or waive the right of any party or non-party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential information as that party may consider appropriate.

11. <u>Party's Own Information</u>. Nothing in this Protective Order shall limit or restrict any producing party or non-party's use of its own Litigation Material or the use of its own business or personal records in the ordinary course of business or for personal, family, or household purposes, or prohibit any producing party from disclosing its Confidential information to any person. A party or non-party may provide its own Litigation Material or its own Confidential information to government agencies, without a request or subpoena from the government agencies, without violating the terms of the Protective Order. Such disclosures shall not affect any designation of such materials as Confidential.

12. <u>Relief from Protective Order</u>. Nothing in this Protective Order shall prejudice or waive the right of any party to seek (i) relief from any restriction set forth herein, or (ii) an Order

compelling, modifying, or further restricting the production, exchange, uses of, or protections afforded to any Litigation Material under this Protective Order.

13. <u>Jurisdiction</u>. The Court retains jurisdiction to amend, modify, or enforce this Protective Order upon the agreement of the parties to this Action, motion by a party or non-party, or on its own motion.

14. <u>Survival of Obligations</u>. The terms and conditions of the Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless modified by further Order of this Court. The "conclusion of this Action" means the time when all appeal periods have expired and any settlement or judgment has become final.

15. <u>Ultimate Disposition of Confidential Information</u>. Confidential information and all other protected materials shall be subject to a final order of the Court upon completion of litigation.

16. <u>Return or Destruction of Confidential Information</u>. Confidential information, and all duplicates thereof, shall be returned to the party or non-party that produced such information within thirty (30) calendar days of the conclusion of this Action, excluding (i) documents filed with the Court; (ii) documents containing notes or other attorney work product created by the receiving party; (iii) transcript exhibits; and (d) counsel's litigation files (collectively, "Excluded Materials"). Such Excluded Materials shall remain subject to the terms of this Protective Order. In lieu of returning Confidential information, a party or non-party may elect to destroy all Confidential information covered by this Protective Order within thirty (30) calendar days of the conclusion of this Action, provided that the electing party shall certify in writing that it has conducted a good-faith search for all Confidential information and that all such information has been destroyed to the best of its knowledge.

**SO ORDERED**.

Signed: April 20, 2015

David C. Keesler
United States Magistrate Judge

**THE UNDERSIGNED HEREBY CONSENT TO ENTRY OF THE WITHIN ORDER:**

/s/James M. Powell
James M. Powell
N.C. State Bar No. 12521
300 N. Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: (336) 574-8081
Facsimile: (336) 574-4561
Email: jpowell@wcsr.com

/s/Jillian M. White
Jillian M. White
N. C. State Bar No. 37596
300 N. Greene Street
Suite 1900
Greensboro, NC 27402
Phone: (336) 574-8095
Facsimile: (336) 574-4520
Email: jill.white@wcsr.com

ATTORNEYS FOR DEFENDANT

/s/ Geraldine Sumter
Geraldine Sumter
N.C. State Bar #11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, NC 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
NO. 3:14-CV-679

| | |
|---|---|
| DEBORAH S. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HOME IMPROVEMENT, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT A**

I hereby acknowledge that I may receive Confidential information pursuant to the terms of the Consent Protective Order ("Protective Order") entered in the above-captioned action on _____, 2015. I have reviewed, understand, and agree to be bound by the Protective Order. I specifically understand and agree that (1) Confidential information may only be used in connection with the above-captioned action, and (2) such Confidential information and any copies thereof are to remain in my personal custody until I have completed my assigned duties or my involvement in the above-captioned action has ended, at which time such Confidential information shall be returned to counsel who provided the information to me. I further agree that at no time will I leave Confidential information unattended at my place of employment or any other location where it could be observed, read, or digested by any unauthorized person. I further agree not to disseminate any information obtained or derived from such Confidential information to anyone or to disclose such information except as permitted by the Protective Order. I further understand that violation of the terms of Protective Order may be punishable and may subject me to a contempt finding and penalties.

_____   _____
Signature                                         Date


_____
Printed or Typed Name